UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PRINCE KING,                                                        Index No.: 14-CV-1816

                              Plaintiff,

                                                                  AMENDED COMPLAINT
         -against-                                            AND JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
RAFAEL SANZ and POLICE OFFICER WANDA
SCHMELTER,

                              Defendants.
-------------------------------------------------------------------X

       Plaintiff, PRINCE KING, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

## INTRODUCTION

       1.    This is an action for the wrongful acts of defendants THE CITY OF NEW YORK, POLICE OFFICER RAFAEL SANZ and POLICE OFFICER WANDA SCHMELTER, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

       2.    Plaintiff, PRINCE KING, alleges that beginning on or about May 30, 2012, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting plaintiff, wrongly imprisoning plaintiff, maliciously prosecuting plaintiff, assaulting and battering plaintiff and/or negligently causing physical injury to plaintiff, using excessive force in effecting the arrest of plaintiff, intentionally and/or negligently inflicting severe emotional

distress, and causing physical injury to his left eye and negligence in the hiring and retaining of incompetent and unfit officers, Detectives and Employees, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, plaintiff PRINCE KING, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, defendant POLICE OFFICER RAFAEL SANZ was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, Officer RAFAEL SANZ was assigned to the 71st Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto, defendant POLICE OFFICER WANDA SCHMELTER was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, POLICE OFFICER WANDA SCHMELTER was assigned to the 71st Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. She is being sued in both his individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the

scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER RAFAEL SANZ and POLICE OFFICER WANDA SCHMELTER.

13. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of plaintiff PRINCE KING.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff PRINCE KING.

## FACTUAL BACKGROUND

16. At all times relevant to this action, Plaintiff PRINCE KING resided at 1665 Bedford Avenue, Brooklyn, New York 11225.

17. On or about May 30, 2012, at approximately 9:50 a.m., Plaintiff PRINCE KING double parked his vehicle outside of the United States Post Office located at 315 Empire Boulevard, County of Kings, State of New York.

18. That Plaintiff Prince King exited his vehicle and entered the Post Office.

19. At approximately 9:58 a.m., Plaintiff PRINCE KING exited the Post Office, entered his automobile and started the engine.

20. While the engine was on and the automobile was in park, Defendant POLICE OFFICER RAFAEL SANZ approached the vehicle and gestured that Plaintiff open the driver's side widow.

21. That Plaintiff pulled down the window and turned off the engine to the automobile.

22. Defendant POLICE OFFICER RAFAEL SANZ advised the Plaintiff that he was going to write up a summons and requested Plaintiff's Drivers License and Registration for the vehicle.

23. That the Plaintiff advised defendant POLICE OFFICER RAFAEL SANZ that he was picking up a package from the Post Office and asked "what did I do wrong?"

24. Instantaneously, defendant POLICE OFFICER RAFAEL SANZ opened the driver door to the automobile and attempted to force the Plaintiff out of the vehicle.

25. Defendant POLICE OFFICER RAFAEL SANZ got on his radio and called for backup.

26. That Defendant POLICE OFFICER RAFAEL SANZ then called the Plaintiff a racial slur.

27. That the Plaintiff stated "why did you call backup, what did I do wrong?"

28. That Defendant POLICE OFFICER WANDA SCHMELTER arrived at the scene with other Officers.

29. That Plaintiff stated to one of the Officers at the scene "Can you please tell me what I did wrong."

30. That Defendant POLICE OFFICER RAFAEL SANZ opened the door to the Plaintiff's vehicle.

31. Plaintiff placed his hands on the steering wheel and requested that he step out of the car on his own accord.

32. That Defendant POLICE OFFICER RAFAEL SANZ began to forcibly remove the Plaintiff from his automobile.

33. That Defendant POLICE OFFICER WANDA SCHMELTER then sprayed the Plaintiff's eyes with mace.

34. That Defendant POLICE OFFICER RAFAEL SANZ threw the Plaintiff to the ground and repeatedly punched and kicked the Plaintiff.

35. The Plaintiff was then pulled to his feet and POLICE OFFICER RAFAEL SANZ placed restraints on the Plaintiff's wrists.

36. Defendant POLICE OFFICER WANDA SCHMELTER then transported the Plaintiff, on foot, to a marked police vehicle.

37. Plaintiff was then transported to the 71st Precinct of the New York City Police Department.

38. That Plaintiff was cause to be held in a cell at the 71st Precinct.

39. That Plaintiff was held at the 71st Precinct for approximately four hours prior to being advised of the charges against him.

40. That EMS personnel arrived at the 71st Precinct to rinse out the Plaintiff's eyes.

41. At approximately 2:00 p.m., Plaintiff requested that he be allowed to make a telephone call, which was refused by Defendant POLICE OFFICER RAFAEL SANZ.

42. At approximately 6:00 p.m., Defendant POLICE OFFICER RAFAEL SANZ returned to Plaintiff's cell and advised Plaintiff that Plaintiff's mother had arrived at the station and that he needed to be fingerprinted.

43. Defendant POLICE OFFICER RAFAEL SANZ also advised the Plaintiff that he was going to be charged with Assault in the Second Degree, Obstruction of Governmental Administration and Resisting Arrest.

44. At approximately 9:00 p.m., Plaintiff was transported to Central Booking.

45. Plaintiff was arraigned by Judge Hudson in the Criminal Court, County of Kings on May 31, 2014.

46. That the Criminal Complaint charged the plaintiff with Obstruction of Governmental Administration in the Second Degree in violation of New York Penal Law § 195.05, Resisting Arrest in violation of New York Penal Law § 205.30, and Disorderly Conduct in violation of New York Penal Law § 240.20(1).

47. Plaintiff was released on his own recognizance.

48. Thereafter, from approximately June of 2012 until September of 2012, Defendant POLICE OFFICER RAFAEL SANZ did appear at the residence of Plaintiff located at 1665 Bedford Avenue, Brooklyn, New York to intimidate, harass and annoy the Plaintiff.

49. On October 24, 2013, the Criminal Proceeding was adjourned in contemplation of dismissal.

50. As a direct and proximate result of the action of the Defendants NEW YORK POLICE DEPARTMENT, POLICE OFFICER RAFAEL SANZ and POLICE OFFICER WANDA SCHMELETER, Plaintiff was physically assaulted resulting in physical injury to his left eye, severe emotional distress and lost wages.

51. As a direct and proximate result of the actions of the Defendant Police Officers, Plaintiff PRINCE KING was falsely arrested without justification for the aforementioned

charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately one day.

52. Defendant POLICE OFFICER RAFAEL SANZ and Defendant POLICE OFFICER WANDA SCHMELTER acted with malice in arresting Plaintiff PRINCE KING on false charges and causing the plaintiff to be prosecuted on charges the Defendants know are false.

53. Defendant POLICE OFFICER RAFAEL SANZ and POLICE OFFICER WANDA SCHMELTER brought charges against Plaintiff PRINCE KING and purposely misused their Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff and their use of excessive force and gratuitous act of violence against Plaintiff.

54. To date, as a direct and proximate result of defendants actions, Plaintiff PRINCE KING has suffered the loss of his liberty, physical assault and batter, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

55. As a direct and proximate result of defendant's actions, Plaintiff PRINCE KING was arrested and detained for a time amounting to a period lasting approximately five days for criminal charges without just cause.

56. As a direct and proximate cause of defendant's actions, Plaintiff PRINCE KING was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

57. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officer in this case to engage in unlawful conduct described above.

58. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

59. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from

there duties

60. Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to May 30, 2012, the perpetration of unlawful arrests, the use of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(Defendant Police Officer RAFAEL SANZ)

61. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-60 of this complaint, as though fully set forth therein

62. On May 30, 2012 at approximately 9:45 a.m., at or near 315 Empire Boulevard, County of Kings, State of New York, Defendant POLICE OFFICER RAFAEL SANZ, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of plaintiff PRINCE KING such that plaintiff PRINCE KING was injured.

63. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances

would have used, while effecting an arrest of plaintiff PRINCE KING, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

64. By reason of the aforesaid, plaintiff PRINCE KING suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

65. The acts and conduct of defendant POLICE OFFICER RAFAEL SANZ, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(Defendant Police Officer WANDA SCHMELTER)

66. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-65 of this complaint, as though fully set forth therein

67. May 30, 2012 at approximately 9:45 a.m., at or near 315 Empire Boulevard, County of Kings, State of New York, the Defendant POLICE OFFICER WANDA SCHMELTER, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of plaintiff PRINCE KING such the plaintiff PRINCE KING was injured.

68. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of his employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of plaintiff PRINCE KING, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

69. By reason of the aforesaid, plaintiff PRINCE KING suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

70. The acts and conduct of defendant the Defendant POLICE OFFICER WANDA SCHMELTER, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment of the United States Constitution an 42 U.S.C Section 1983.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT ( Defendant Police officer RAFAEL SANZ)

71. Plaintiff repeats and realleges the allegations contained in paragraphs 1-70 of this complaint as though fully set forth therein.

72. The actions of Defendant POLICE OFFICER RAFAEL SANZ, a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff PRINCE KING of his rights, privileges and immunities under the laws of the Constitution of the

United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

73. By these actions, the individual defendant has deprived plaintiff PRINCE KING of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

74. As a result of the foregoing, plaintiff PRINCE KING was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
(Defendant POLICE OFFICER WANDA SCHMELTER)

75. Plaintiff repeats and realleges the allegations contained in paragraphs 1-74 of this complaint as though fully set forth therein.

76. The actions of defendant Defendant POLICE OFFICER WANDA SCHMELTER, a member of the New York City Police Department, and under the color of state law, deprived plaintiff PRINCE KING of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free

from false arrest, false imprisonment, and the intentional and/or negligent infliction of emotional distress.

77. By these actions, the individual defendant has deprived plaintiff PRINCE KING of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

78. As a result of the foregoing, plaintiff PRINCE KING was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### FIFTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

79. Plaintiff repeats and realleges the allegations contained in paragraphs 1-78 of this complaint and though fully set forth therein.

80. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

81. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the plaintiff with three (3) Counts under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

82. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of plaintiff PRINCE KING, that was so clearly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause them injury and violate their constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

83. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about

the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

84. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

85. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-84 deprived plaintiff PRINCE KING of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

86. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-84 deprived plaintiff PRINCE KING of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

87. By these actions, defendant CITY OF NEW YORK has deprived plaintiff PRINCE KING of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

88. As a result of the foregoing, plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

SIXTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

89. Plaintiff repeats and realleges the allegations contained in paragraphs 1-88 of this complaint and though fully set forth therein.

90. Defendants CITY OF NEW YORK, POLICE OFFICER RAFAEL SANZ and POLICE OFFICER WANDA SCHMELTER, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate plaintiff PRINCE KING, denying him free exercise and enjoyment of the rights and privileges and equal

protection of the law secured to him by the Constitution, including the rights to be free from excessive force.

91. The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of plaintiff PRINCE KING's constitutional rights including the right to due process, to have plaintiff wrongfully prosecuted for a crime that he did not commit.

PRAYER FOR RELIEF

WHEREFORE, plaintiff PRINCE KING requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

Dated: Brooklyn, New York
       September 11, 2014

                              /S/
                            ALEXANDER M. DUDELSON, ESQ.
*Attorneys for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100

To:

**Via ECF**
Jennifer Schuman, Esq.
Assistant Corporation Counsel